# Maulding *v.* Rigby.

Where the finding of the jury was: "we of the jury find for the plaintiff the debt in the declaration mentioned, to be discharged by the payment of the sum, &c." it was held sufficient in substance and certainty.

Where the clerk transcribed certain records intended to be embraced in the bill of exceptions, and stated, that they "were the records and executions referred to in the bill of exceptions," held it did not spread them on the records.

IN error to the circuit court of Warren county.

Coalter for plaintiff in error.

Guion, *contra.*

Opinion of the court by Mr. Justice SMITH.

In this case several exceptions are taken to the verdict of the jury, who were empannelled to assess the damages sustained by the plaintiff; an interlocutory judgment having been entered against the defendant below, John Maulding, upon overruling his demurrer to the declaration.

In support of these objections, it is alleged that no damages whatever were assessed by the jury, and that their finding was in fact what the judgment of the court would have been upon a proper finding. The verdict is in the words following, to wit: "We of the jury find for the plaintiff the debt in the declaration mentioned, to be discharged by the payment of the sum," &c. This case in respect to this point, is precisely analogous to the cases of Gov., use of Conway *v.* Longacre, and the Gov. use of Ross *v.* Downs *et al.* (opinions of this court) in which the verdict was considered sufficient in substance and certainty.

It is also insisted that there is error in the decision of the circuit court in overruling the objection of the defendant to the admissibility of certain evidence offered on the trial by the plaintiff. From the bill of exceptions this evidence appears to have consist-

[Maulding *v.* Rigby.]

ed of two judgments of the circuit court, one of which was in favor of Alvarez Fisk, endorsee of William C. Cross *v.* William S. Breckenridge, one of the obligors in the bond upon which this action was instituted and the plaintiff in error with the writ of *fieri facias* which had issued thereon; the other a judgment in favor of Morse, use of Lee & Co. with the execution thereon, against the said Breckenridge; but from the omission of the clerk in making out the record they are not embodied in the bill of exceptions which were signed by the judge who presided in the cause, and therefore do not appear in the record. It is true that they have been transcribed by the clerk, who states that they "are the records and executions referred to in the bill of exceptions." It is a well settled rule that in general, nothing can be made a part of the record, by a mere reference to the bill of exceptions. Each bill of exceptions presents a distinct case; and it is upon the facts embraced within it, that the court must decide. The objection that the records of the judgments in the circuit court, transcribed by the clerk, are not properly a part of this record, is much stronger than the reason of the rule above laid down.

As the evidence does not appear, which formed the subject of exception in the court below, we have no means of ascertaining whether or not the decision was correct, and must then presume that it was correct.

The judgment must be affirmed.

Judge SHARKEY gave no opinion, having been interested as counsel in the suit, in the circuit court.

[NOTE.—This cause was heard and determined at the January term, 1835, but omitted in the reported cases of that term.]